PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ASUNCIÓN ROMÁN, Defendant and Appellant.

Nos. 2871, 2872.   Argued November 4, 1926.—Decided December 9, 1926.

*José Ruiz de Val* for the appellant.   *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In each of these cases, both in the municipal and district courts, Asunción Román was convicted of embezzlement and on appeal attacks the complaints.

They each set up substantially that Asunción Román, while he was acting as the sales and collecting agent of the Singer Sewing Machine Company, illegally, voluntarily, fraudulently and maliciously obtained (*cobró*) from a certain named lady, a patron of the said company, the sum of twenty dollars (ten dollars in No. 2872), delivering to said lady a receipt already used for another patron and which had been previously reported by the said defendant, thus appropriating to himself the amount of said receipt with the fraudulent intention of using it for his own benefit and so depriving the said company of the said money.

The appellant says the complaint is vague and ambiguous and to a large extent it is, but no objection was made on this ground in the court below. We are bound to assume, in the absence of due objection, that the averments were sufficiently clear and definite to apprize the defendant of the elements of the offence against him.

On the other hand, the *fiscal* of this court suggests that all the elements of the offence of embezzlement are not stated in the complaint. The supposed lack consists in a failure to

set forth the fiduciary relation whereby the defendant came into possession of money and appropriated it to his own use and so defrauded his principal. The complaint, however, does express the fact that Román was the sales and collecting agent of the Singer Sewing Machine Company. While it would have been better to say that he, as agent of the company, made a sale to a particular lady, gave her a fraudulent receipt and appropriated the money received from her and intended for the company, or perhaps even more, yet the complaint imperfectly shows all these facts and hence the fiduciary relation. He gave the lady a receipt belonging to another patron of the company and already reported. He received twenty dollars while he was such agent. His every act before and up to and perhaps including the moment of the appropriation was described as done in his capacity as agent. It must have been clear to the defendant that he was charged with appropriation in his fiduciary capacity as agent.

The judgment must be affirmed.

Mr Justice Hutchison took no part in the decision of this case.